**Jon Allis CLARK, Plaintiff—Appellant,**

v.

**LANE COMMUNITY COLLEGE, a local public educational institution, Defendant—Appellee.**

No. 00–35940.

D.C. No. CV–99–06297–ALA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 6, 2002.

Before GOODWIN, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Jon Allis Clark sued Lane Community College, claiming unlawful retaliation in violation of Title VII. He appeals the district court's grant of summary judgment in favor of Lane Community College. We affirm.

■ The district court properly stated the elements of a Title VII retaliation claim, which includes the requirement that plaintiff establish a causal link between the previous Title VII activity and the adverse employment action.[1] Clark has not shown by a preponderance of the evidence that his previous discrimination claim against Lane Community College was one of the reasons the hiring committee denied him an interview.[2]

■ Clark's argument that the application scoring process was arbitrary and subjective fails. The hiring committee based its scores on the applicants' descriptions of their previous work experience, and Clark did not list as many skills related to the position as other applicants. All the scorers were relatively consistent in their ranking of the applicants. The fact that some scorers were more generous than others does not prove they were arbitrary. The committee also did not overlook the requirement of having a driver's license because the job notice did not require a license, only the ability to obtain a license. The committee members treated all the applicants the same regarding the driver's license information—i.e., they ignored it—and thus did not single out Clark and treat him less favorably.[3]

The hiring committee members never lied about knowing Clark. While the affirmative action officer incorrectly stated that they did not know him, the members truthfully answered questions about knowing Clark. They also stated that they did not consider race or the fact that an applicant had filed a previous complaint as factors during the screening of the applications. Clark offers nothing to refute those statements. Clark also does not show how the decision to abolish the 1995 position immediately after he had applied for it relates to the committee members' decision not to interview Clark. Clark does not tie the committee members to the 1995 decision or to anyone involved in that decision.

In conclusion, Clark's evidence of retaliation does not establish by a preponderance of the evidence a link between his previous Title VII discrimination claim and the hiring committee's decision not to grant him an interview. We affirm the district court.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir.2002); Bergene v. Salt River Project Agric. Improvement & Power Dist., 272 F.3d 1136, 1140–41 (9th Cir.2001); McAlindin v. County of San Diego, 192 F.3d 1226, 1238 (9th Cir.1999), amended by 201 F.3d 1211 (9th Cir.2000), cert. denied, 530 U.S. 1243, 120 S.Ct. 2689, 147 L.Ed.2d 961 (2000).

2. Villiarimo, 281 F.3d at 1064–65 (holding that plaintiff must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the adverse action and that but for such activity, the adverse action would not have occurred).

3. See McAlindin, 192 F.3d at 1239 (holding that plaintiff did not establish causal link element because defendant did not target plaintiff for unfavorable treatment, but treated him the same as all the other employees).